**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**
*Electronically Filed*

| | |
|---|---|
| NATHAN BEST, et al.<br><br>*Plaintiffs*<br><br>v.<br><br>STEPHEN C. JAMES, et al.<br><br>*Defendants* | Civil Action No 3:20-CV-299-JRW |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants James J. Kirchdorfer, Jr., Mark Kirchdorfer, and ISCO Industries, Inc. ("ISCO") (together, "Defendants"), through undersigned counsel, file this Response to Plaintiffs' Notice of Supplemental Authority in Opposition to Defendants' Motion to Dismiss (ECF 55) ("Notice"), to which they attached *Smith v. Greatbanc Trust Co.*, No. 20-C-2350, 2020 WL 4926560 (N.D. Ill. Aug. 21, 2020). Given that Plaintiffs included argument with their Notice, Defendants offer this short Response.

*Smith* is a district court decision from outside the Sixth Circuit with facts that render it readily distinguishable from this case. First, the plaintiff in *Smith* signed no such individual arbitration agreement, unlike the Plaintiffs here, *see* ECF 45-5 (Best Agreement) and ECF 45-7 & -8 (Hicks and Chmielewski Agreements). Second, in *Smith*, the district court emphasized that Smith received no notice of the plan amendment providing for arbitration, in violation of ERISA's notice requirements. 2020 WL 4926560, at *3. Here, in addition to expressly consenting to arbitrate through their individual arbitration agreements, Plaintiffs received notice

1

of the Plan arbitration requirement when they were sent the revised Summary Plan Description containing the entire arbitration provision. ECF 54-1, ¶¶ 2-5. Finally, while Smith ended his employment before the plan arbitration agreement was added, Plaintiffs Hicks and Chmielewski continued their employment after the Plan's amendment, and all three Plaintiffs remained participants in the ESOP after the amendment. *See* ECF 54 at 5-6.

With respect to *Smith*'s analysis of ERISA § 409, the Northern District of Illinois simply disagrees with the Ninth Circuit's decision in *Dorman v. Charles Schwab Corp.*, 780 F. App'x 510, 512 (9th Cir. 2019), the only federal court of appeals case to address the interplay between individual arbitration and ERISA. For the reasons explained in Defendants' Reply brief, ECF 54 at 6-7, *Dorman* correctly applies Supreme Court precedent in *LaRue v. DeWolff, Boberg & Assocs., Ind.*, 552 U.S. 248 (2008).

Even if the Court were to adopt *Smith*'s § 409 analysis over the Ninth Circuit's sound reasoning in *Dorman* (and it should not), the individual agreements in this case would still require the Court to order individual arbitration for the reasons set forth in Defendants' Motion to Dismiss and Reply.[1]

For the foregoing reasons, *Smith v. Greatbanc Trust Co.* is inapposite and does not relieve Plaintiffs of their obligation to individually arbitrate their ERISA claims.

                                                               Respectfully Submitted,

Date: August 31, 2020　　　　　　　　　　/s/ Theresa A. Canaday

                                                               Theresa A. Canaday
                                                               Jason P. Renzelmann
                                                               Carrie M. Mattingly
                                                               FROST BROWN TODD LLC

---

[1] Plaintiffs do not dispute that the Court may properly order them to individually arbitrate their claims. ECF 49 at 15 ("Plaintiffs do *not* contest that an arbitration agreement can bar class and collective actions.") (emphasis in original).

        400 West Market Street, 32nd Floor
        Louisville, Kentucky 40202
        T: (502) 589-5400
        F: (502) 581-1087
        tcanaday@fbtlaw.com
        jrenzelmann@fbtlaw.com
        cmattingly@fbtlaw.com

        Paul J. Ondrasik, Jr. (*pro hac vice*)
        Sara Pikofsky (*pro hac vice*)
        STEPTOE & JOHNSON LLP
        1330 Connecticut Avenue, NW
        Washington, DC 20036
        T: (202) 429-6408
        F: (202) 429-3902
        spikofsky@steptoe.com
        pondrasik@steptoe.com

        *Counsel for Defendants*
        *James J. Kirchdorfer, Jr., Mark*
        *Kirchdorfer, and ISCO Industries, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically through the Court's CM/ECF system, and served upon all parties of record on August 31, 2020 via the court's CM/ECF system.

        /s/ Theresa A. Canaday
        *Counsel for Defendants*

0137280.0654651   4852-9485-1273v1

3