**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
*Electronically Filed*

| | |
|---|---|
| NATHAN BEST, et al.<br><br>       *Plaintiffs*<br><br>v.<br><br>STEPHEN C. JAMES, et al.<br><br>       *Defendants* | Civil Action No 3:20-CV-299-BB-RSE |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants James J. Kirchdorfer, Jr., Mark Kirchdorfer, and ISCO Industries, Inc.

("ISCO") (together, "Defendants") file this Response to Plaintiffs' Notice of Supplemental

Authority in Opposition to Defendants' Motion to Compel Arbitration or to Dismiss (ECF 61)

("Notice"), to which they attached *Hensiek v. Board of Directors of Casino Queen Holdings Co.*,

Inc., No. 3:20-C-377, ___ F. Supp. 3d ___, 2021 WL 267655 (S.D. Ill. Jan. 25, 2021).

Defendants respectfully suggest the Court should not consider the decision when adjudicating the

pending motion to dismiss.

     *First*, *Hensiek* is not persuasive authority.  A district court decision from outside the Sixth

Circuit, it is based on interpretations of Illinois contract law that are either inapposite or at odds

with the Sixth Circuit's interpretation of relevant Kentucky contract law.  *See* Defendants' Reply

in support of Mot. to Compel (ECF 54) at 4-5 (discussing authorities that establish that, under

Kentucky law, an employee demonstrates acceptance of an arbitration agreement, even without a

signature, by continuing to work for an employer).

1

*Second*, *Hensiek* is factually distinguishable from this case.  Unlike the Plaintiffs here, there is no indication that the plaintiffs in *Hensiek* signed mutually binding individual arbitration agreements encompassing their claims under federal statutory law.  *See* ECF 45-5 (Best Agreement) and ECF 45-7 & -8 (Hicks and Chmielewski Agreements).[1]

*Third*, the *Hensiek* court's premise that an ERISA-governed plan may not be amended without providing consideration to plan participants is contrary to ERISA's overall scheme, which includes granting the plan sponsor the ability to change benefits at will.   Requiring formal assent and consideration from each individual plan participant or beneficiary for modifications to a plan would unduly hamstring employers who voluntarily provide ERISA-covered benefits, prohibiting them from ever amending a pension plan.

For the foregoing reasons, *Hensiek v. Board of Directors of Casino Queen Holdings Co.*, Inc. is inapposite and does not relieve Plaintiffs of their obligation to individually arbitrate their ERISA claims.

<table>
<tr><td></td><td>Respectfully Submitted,</td></tr>
<tr><td>Date: February 1, 2021</td><td>/s/ *Theresa A. Canaday*</td></tr>
</table>

Theresa A. Canaday
Jason P. Renzelmann
Carrie M. Mattingly
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
T: (502) 589-5400
F: (502) 581-1087
tcanaday@fbtlaw.com
jrenzelmann@fbtlaw.com
cmattingly@fbtlaw.com

---

[1] Plaintiffs do not dispute that the Court may properly order them to individually arbitrate their claims.  ECF 49 at 15 ("Plaintiffs do *not* contest that an arbitration agreement can bar class and collective actions.") (emphasis in original).

Paul J. Ondrasik, Jr. (*pro hac vice*)
Sara Pikofsky (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
T: (202) 429-6408
F: (202) 429-3902
spikofsky@steptoe.com
pondrasik@steptoe.com

*Counsel for Defendants*
*James J. Kirchdorfer, Jr., Mark*
*Kirchdorfer, and ISCO Industries, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served upon all parties of record on this 1st day of February 2021, via the court's CM/ECF system.

/s/ *Theresa A. Canaday*

4841-8125-3082v1

3