**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
*Electronically Filed*

NATHAN BEST, et al.

    *Plaintiffs*

v.

STEPHEN C. JAMES, et al.

    *Defendants*

Civil Action No 3:20-CV-299-JRW

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

    Defendants James J. Kirchdorfer, Jr., Mark Kirchdorfer, and ISCO Industries, Inc. ("ISCO") (together, "Defendants"), file this Response to Plaintiffs' latest Notice of Supplemental Authority in Opposition to Defendants' Motion to Compel Arbitration or to Dismiss (ECF 65), to which they attached *Cooper v. Ruane Cunniff & Goldfarb, Inc.*, 2021 WL 821390 (2d Cir. Mar. 4, 2021). Once again, the new opinion to which they direct the Court's attention does not support Plaintiffs' position against mandatory arbitration of their ERISA claims.

    *Cooper* is a non-binding Second Circuit decision with facts wholly distinguishable from this case. First, contrary to Plaintiffs' assertions, the arbitration agreements executed by Plaintiffs here materially differ from that in *Cooper*. In *Cooper*, the court considered a single arbitration agreement in an employee handbook that provided a narrow list of the "types of Claims" that were subject to arbitration, concluding with the clause, "and other statutory and or common law claims." *Id.* at *5. The court could not make a determination regarding whether the specific types of listed claims limited the clause's application to claims personal to the employee. *Id.* at *5 and n.8. It

1

therefore turned to the meaning of the phrase "relating to employment" and found that the claims against Ruane (which, unlike the Defendants here, was not the employer plan sponsor) were not related to Cooper's employment. *Id.* at *7.

In contrast, there is no need to explore the meaning of "arising out of or related to employment", because those claims here fall squarely within the stated scope of the arbitration agreements. The individual arbitration agreements signed by Plaintiffs here not only mandate arbitration of any and all federal statutory law claims arising out of or relating to their ISCO employment, but also, in the case of Messrs. Hicks' and Chmielewski's agreements, specifically cover any claims arising under the Employee Retirement Income Security Act. ECF 45-5, ¶ 1 (Best Agreement); ECF 45-7 & -8, ¶ 4 (Hicks and Chmielewski Agreements). As discussed in Defendants' motion to dismiss, Sixth Circuit law and the strong federal policy in favor of arbitration requires this Court to resolve any doubts as to the parties' intentions under these arbitration agreements in favor of arbitration. ECF 45 at 10.

Second, unlike in *Cooper*, where there was no agreement by the Plan to arbitrate claims, the ISCO ESOP expressly consented to arbitrate claims "asserting a breach of, or failure to follow, any provision of ERISA . . . including without limitation claims for breach of fiduciary duty." ECF 45-6 (Plan Amend. No. 2) § 14.1(a). Thus, whether through the individual arbitration agreements or the Plan's arbitration clause, there is no ambiguity in this case that Plaintiffs are contractually bound to arbitrate their claims.

With respect to *Cooper*'s discussion of the issue of class actions, as the dissent points out, "the Arbitration Agreement's class-arbitration waiver is not at issue in this case." 2021 WL 821390, at *11. Indeed, as the *Cooper* majority acknowledges, the "conundrum" it describes of reconciling its prior Second Circuit authority "would not necessarily justify, on its own, a

countertextual reading of an arbitration agreement that" – like the agreements in this case – "explicitly applied to a given circumstance." *Id.*, 2021 WL 821390, at *8. As further discussed in Defendants' Reply, ECF 54 at 6-7, Plaintiffs' contention that the Plan's requirement of individualized, non-representative arbitration "runs afoul of federal law" is contrary to the Ninth Circuit's holding in *Dorman v. Charles Schwab Corp.*, 780 F. App'x 510, 512 (9th Cir. 2019). *See also Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1093 (9th Cir. 2018).

For the foregoing reasons, *Cooper v. Ruane Cunniff & Goldfarb, Inc.* is inapposite and does not relieve Plaintiffs of their obligation to arbitrate their ERISA claims.

                                                Respectfully Submitted,

                                                /s/ Theresa A. Canaday

Theresa A. Canaday
Jason P. Renzelmann
Carrie M. Mattingly
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor Louisville, Kentucky 40202
T: (502) 589-5400
F: (502) 581-1087
tcanaday@fbtlaw.com
jrenzelmann@fbtlaw.com
cmattingly@fbtlaw.com

Paul J. Ondrasik, Jr. (*pro hac vice*)
Sara Pikofsky (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW Washington, DC 20036
T: (202) 429-6408
F: (202) 429-3902
spikofsky@steptoe.com
pondrasik@steptoe.com

*Counsel for Defendants*
*James J. Kirchdorfer, Jr., Mark Kirchdorfer, and ISCO Industries, Inc.*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically using the Court's CM/ECF system on March 12, 2021, which will serve electronic copies to all parties of record via the court's CM/ECF system.

/s/ Theresa A. Canaday
*Counsel for Defendants*

0137280.0654651   4817-2594-9664v1