UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00299-BJB

**NATHAN BEST, et al.**                                                                                       **PLAINTIFFS**

**VS.**

**STEPHEN JAMES, et al.**                                                                                 **DEFENDANTS**

## ORDER

Plaintiffs Nathan Best, et al., initiated this ERISA action in April of 2020 against Defendants Stephen James, et al. (DN 1). Several months later, Defendant Stephen James ("Defendant James") filed an Answer to Plaintiffs' Complaint. (DN 43). The remaining Defendants, ISCO Industries and "the Kirchdorfer Defendants," moved to dismiss Plaintiffs' Class Action Complaint, arguing that Plaintiffs' claims are subject to mandatory arbitration. (DN 45).

On February 28, 2022, Plaintiffs filed a Motion for Leave to Commence Discovery as to Defendant James or, in the alternative, for a status conference to discuss a discovery plan for Plaintiffs and Defendant James. (DN 72). The Court then scheduled a telephonic conference for March 18, 2022. The day before the conference, Defendant James filed a response in opposition to Plaintiffs' Motion for Leave to Commence Discovery and a Motion to Stay the Entire Proceeding Pending Arbitration. (DN 74). Defendant James argues that discovery would be premature and requested that any stay issued in response to their Motion to Dismiss "be a full stay on all claims herein asserted," including the non-arbitrable claims. (*Id.*).

Following the telephonic conference, the Court gave the parties ten days to confer on the discovery issue and then file a joint status report as to their discussions. (DN 75). The parties filed a stipulation and joint status report on March 23, 2022 indicating agreement as to limited discovery, in the form of document production, focusing "on the claims, issues, and allegations

related to Defendant James, and not into matters that solely relate to ISCO or the Kirchdorfer Defendants.". (DN 76). The Stipulation further indicated the parties' agreement that a Rule 26(f) conference, a Rule 16 conference, initial disclosures, interrogatories, requests for admission, and depositions will be held in abeyance until the pending motion to stay and/or motion to dismiss are resolved. (*Id.*).

In an abundance of caution, Plaintiffs filed a response to Defendants' Response at DN 74, noting that their Motion to Commence Discovery is now moot based on the parties' Stipulation. (DN 78). Plaintiffs assert that Defendant James' bootstrapped Motion to Stay should also be denied as moot and procedurally improper since all Defendants have now stipulated to limited discovery relating to the claims against Defendant James. (*Id.*).

Having reviewed these filings, the Court agrees that the Stipulation filed by all parties authorizing limited discovery, in the form of document production, relating only to the claims against Defendant James, moots both Plaintiffs' Motion to Commence Discovery and Defendant James' earlier Motion to Stay. Accordingly,

(1) Plaintiffs' Motion to Commence Discovery (DN 72) **is DENIED as MOOT** based on the parties' Stipulation/Joint Status Report filed on March 24, 2022.

(2) Defendant James' Motion to Stay (DN 74), embedded within his Response to Plaintiffs' Motion to Commence Discovery, is also **DENIED as MOOT** based on the parties' Stipulation/Joint Status Report filed on March 24, 2022. This denial is without prejudice.

**IT IS SO ORDERED.**

May 2, 2022

Regina S. Edwards, Magistrate Judge
United States District Court

Copies:     Counsel of Record