UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NATHAN BEST, ET AL.                                              Plaintiff

v.                                       Civil Action No. 3:20-cv-299-RGJ

STEPHEN C. JAMES, ET AL.                                        Defendants

* * * * *

## MEMORANDUM OPINION AND ORDER

Defendants ICSO Industries, Inc. ("ICSO"), James Kirchdorfer, and Mark Kirchdorfer, (collectively "Defendants") move to dismiss Plaintiffs Nathan Best ("Best"), Matthew Chmielewski ("Chmielewski"), and Jay Hicks ("Hicks," collectively "Plaintiffs") class action Complaint against them. [DE 45]. Plaintiffs responded [DE 49], and Defendants replied. [DE 54]. The parties filed numerous supplemental authorities and responses to the supplemental authorities in support of their filings. [DE 55; DE 56; DE 61; DE 62; DE 63; DE 64; DE 65; DE 66; DE 67; DE 68; DE 69; DE 70; DE 71; DE 80; DE 82]. These matters are ripe. [DE 14; DE 15; DE 16]. For the reasons below, Defendants' Motion to Dismiss [DE 45] is **GRANTED**.

## I.     BACKGROUND

The individual and a proposed class[1] of similarly situated Plaintiffs participated in ISCO's Employee Stock Ownership Plan ("ESOP"). [DE 1 at 2]. James Kirchdorfer was chair and CEO of ISCO; Mark Kirchdorfer was president of ISCO. [*Id.*]. The ESOP is now terminated. [*Id.* at 1].

In April 2020, Plaintiffs filed their Class Action Complaint against the above Defendants and Defendant Stephen James ("James"), suing under the Employee Retirement Income Security

---

[1] The Court has not yet certified a class.

Act ("ERISA").[2]  [DE 1].  They allege two claims, one of breach of fiduciary duty and one of engaging in prohibited transaction.  [*Id.* at 8-13].  James answered the Complaint [DE 43] and did not move to dismiss or join the instant motion.[3]  The parties have since proceeded with discovery on the claims against James.  [DE 81; DE 86].

In the instant motion, Defendants move to dismiss Plaintiffs' claims in favor of arbitration. [DE 45 at 199].  Plaintiffs responded [DE 49], Defendants replied, [DE 54], and the parties have filed supplemental authorities and responses in support of their filings.  [DE 55; DE 56; DE 61; DE 62; DE 63; DE 64; DE 65; DE 66; DE 67; DE 68; DE 69; DE 70; DE 71; DE 80; DE 82].

## II.    **STANDARD**

The Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate disputes which arises out of a contract involving transactions in interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (quoting 9 U.S.C. § 2).

When asked to compel arbitration, a court must make several determinations before compelling arbitration:

> When considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

---

[2] Plaintiffs also voluntarily dismissed several defendants.  [DE 47].

[3] Any motion to dismiss filed by James after his answer would be untimely. Fed. R. Civ. P. 12(b).  (Motions to dismiss "must be made before pleading if a responsive pleading is allowed."); *see also, e.g.*, *Gambrel v. Knox Cnty., Kentucky*, No. CV 17-184-DLB, 2018 WL 1457296, at *2 (E.D. Ky. Mar. 23, 2018) (collecting cases and stating, "Defendants' post-answer Motion to Dismiss is untimely").

*Id.* As a general rule, any doubts about arbitrability should be resolved in favor of arbitration. *Fazio v. Lehman Bros.*, 340 F.3d 386, 392 (6th Cir. 2003) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

"[W]hen claims involve the validity of the contract as a whole and not just the arbitration agreement, such claims are to be brought before the arbitrator, not the district court in deciding a petition to compel arbitration." *Fazio*, 340 F.3d at 395 (internal quotations omitted) (quoting *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 892 (6th Cir. 2002). However, "[i]f the *making of the arbitration agreement* or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4 (emphasis added). More specifically, "the FAA does not permit the courts to examine the enforceability of contracts containing arbitrations provisions," only the validity of the arbitration agreement itself. *Glazer v. Lehman Bros.*, 394 F.3d 444, 452 (6th Cir. 2005). Arbitration agreements may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 66 (2010) (internal citations and quotations omitted).

"In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate," and the necessary showing "mirrors that required to withstand summary judgment in a civil suit." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (quoting *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 129–30 (2d Cir. 1997)). "State contract law . . . governs in determining whether the arbitration clause itself was validly obtained, provided the contract law applied is general and not specific to arbitration clauses." *Fazio*, 340 F.3d at 393 (citations omitted).[4]

---

[4] The contracts refer to Kentucky law and both parties apply Kentucky law in their briefs. There does not appear to be a genuine dispute over choice of law, and thus the Court applies Kentucky law in its analysis.

### III.   DISCUSSION

Defendants move to dismiss Plaintiffs' class action Complaint and compel arbitration. [DE 45 at 199]. They argue that each of Plaintiffs' claims are subject to mandatory individual arbitration agreements or that their claims lack merit. [*Id.* at 199-212]. Plaintiffs disagree. [DE 49 at 385-86]. In support of their argument, Defendants submit agreements signed by each individual Plaintiff. [DE 45-5; DE 45-7; DE 45-8]. Plaintiffs argue that these agreements do not apply because their claims do not arise out of or relate to their employment. [DE 49 at 389-91].

*i.   Agreement to Arbitrate*

The Court must first consider whether there were valid agreements to arbitrate. *See Stout*, 228 F.3d at 714. There are two separate agreements at issue that the court will address. First, the parties agree each named Plaintiff signed an "employee agreement" containing an arbitration clause. [DE 45 at 208; 45-5; 45-7; 45-8; DE 49 at 389-91]. There is no dispute these agreements are valid and that the proper parties are signatories. [*See* DE 45; DE 49]. The Court thus finds these arbitration agreements are valid and will consider the scope of same below.

Second, the Court also considers the validity of the ESOP's Arbitration "Amendment Number Two" ("ESOP Agreement") containing an ERISA Arbitration and Class Action Waiver. [DE 45-6]. Plaintiffs place the validity of this agreement at issue by arguing they never consented to it and that it lacked consideration. [DE 49 at 391-94]. Defendants argue Plaintiffs consented to the ESOP Agreement by continuing to work for ISCO and participate in ESOP after it was amended to include the arbitration clause. [DE 54 at 421-23].

"Consideration for a contract can be either 'a benefit to the party promising or a loss or detriment to the party to whom the promise is made.'" *Thomas & King, Inc. v. Jaramillo*, No. CIV.A.08-191-JBC, 2009 WL 649073, at *6 (E.D. Ky. Mar. 10, 2009) (quoting *Phillips v. Phillips*,

4

294 Ky. 323 (1943); *Luigart v. Fed. Parquatry Mfg. Co.*, 194 Ky. 213 (1922)).  Consideration also "can take the shape of mutual promises to perform some act or to forbear from taking some action." *Summers Equip., LLC v. VFS U.S. LLC*, No. 2009-CA-001321-MR, 2010 WL 4137434, at *4 (Ky. App. Oct. 22, 2010).  While Plaintiffs argue the ESOP Agreement is unsupported by consideration, "Kentucky precedent holds that continued employment is sufficient consideration to support an arbitration agreement."  *Gatliff v. Firestone Indus. Prod. Co., LLC*, No. 2013-CA-001568-MR, 2015 WL 510680, at *4 (Ky. App. Feb. 6, 2015) (citing *Spears v. Carhartt, Inc.*, 215 S.W.3d 1 (Ky. 2006)); *see Adkinson v. Pro. Serv. Indus., Inc.*, No. CIV.A. 3:97CV-539-S, 1998 WL 34202235, at *2–3 (W.D. Ky. May 11, 1998).

As Defendants argue, the Sixth Circuit and the both the Eastern and Western Districts of Kentucky have "concluded that although [a] plaintiff had not formally signed the arbitration agreement, her continued employment constituted her assent to the agreement's terms." *Aldrich v. Univ. of Phoenix, Inc.*, No. 3:15-CV-00578-JHM, 2016 WL 915287, at *10 (W.D. Ky. Mar. 4, 2016), *aff'd,* 661 F. App'x 384 (6th Cir. 2016) (collecting cases).  But Defendants have not submitted proof that Plaintiffs were on notice of the ESOP Agreement or the fact that they would be bound by its terms.  *See id.* ("when faced Defendant's evidence that notice was sent to the plaintiff" a plaintiff must provide more than her own statement that she did not see the arbitration agreement).  Furthermore, the Court cannot find assent in execution or signature by Plaintiffs—the ESOP Agreement is executed by ISCO and signed by an ISCO representative, and not by any of Plaintiffs.  "[N]o matter how strong the federal policy favors arbitration, 'arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration.'" *Simon v. Pfizer Inc.*, 398 F.3d 765 (6th Cir. 2005) (quoting *United Steelworkers of Am., Loc. No. 1617 v. Gen. Fireproofing Co.*, 464 F.2d 726, 729

5

(6th Cir. 1972)).  Defendants have not met their burden here of demonstrating Plaintiffs' consent and the validity of the ESOP Agreement, and the Court thus does not further consider the ESOP Agreement.  The Court's analysis continues as to the employment agreements.

ii.    *Scope of the Agreement*

Having concluded the employment agreements are valid, the Court next considers whether Plaintiffs' claims fall within the scope of the arbitration provisions in those agreements.  *See Stout*, 228 F.3d at 714.

Defendants argue Chmielewski's and Hicks' agreements contain arbitration clauses that "expressly apply to claims under ERISA."  [DE 45-7 at 341-45; DE 45-8 at 347-51].  They also argue that Best's agreement contains an arbitration clause agreeing to "settle any and all claims, disputes or controversies arising out of or relating to [his] . . . employment . . . with ISCO Industries. [DE 45 at 208; DE 45-5 at 329].  Plaintiffs argue that the arbitration agreements are inapplicable because "[t]his suit concerns whether plan fiduciaries discharged their fiduciary duties" which has "nothing to do with Plaintiffs' employment."  [DE 49 at 389-90].

"[I]n deciding whether an issue is within the scope of an arbitration agreement courts should ask if an action could be maintained without reference to the contract or relationship at issue.  If it could, it is likely outside the scope of the arbitration agreement."  *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 504 (6th Cir. 2007) (internal citation and quotation marks omitted).  "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24–25.  "Having made the bargain to arbitrate, the party should be

held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.* (1985).

Hicks' and Chmielewski's agreements are identical, so the Court considers them together. They are agreements made between ISCO and each employee, Hicks and Chmielewski. [DE 45-7 at 341-45; DE 45-8 at 347-51]. Each agreement states the "Employer and Employee agree . . . to binding arbitration." [DE 45-7 at 341; DE 45-8 at 347]. Under "Covered Claims," each agreement incudes "all claims arising under . . . the Employee Retirement Income Security Act." [DE 45-7 at 341-42; DE 45-8 at 347-48]. Each agreement also includes a "Waiver of Class Action and Representative Action Claims" expressly agreeing to "not assert class action or representative action claims." [DE 45-7 at 342; DE 45-8 at 348]. Hicks and Chmielewski's ERISA claims explicitly fall within the scope of ERISA. These claims cannot be resolved without reference to their agreement to individually arbitrate such. Because the Court has found the arbitration agreement valid and the claims within the scope of that agreement, the class action waiver is also valid and enforceable. *See Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013) (enforcing class action waiver); *and Schnuerle v. Insight Commc'ns Co., L.P.*, 376 S.W.3d 561, 573 (Ky. 2012) (same).

Best's arbitration agreement is between ISCO and Best (the employee). [DE 45-5 at 329-30]. The agreement states Best is agreeing to arbitration of "all claims, disputes or controversies arising out of or relating to . . . employment. . . . claims . . . include, but [are] not limited to, claims under federal, state, and local statutory or common law." [DE 45-5 at 329]. The agreement contains no class action waiver. [*Id.* at 329-30]. The arbitration clause here is broad and covers all employee disputes. Best's ERISA claims cannot be resolved without referencing his employment. The Court thus finds Best's claims fall within the scope of his arbitration clause,

and he must arbitrate his claims. *See Huttsell v. Radcliff Co., Inc.*, No. 3:16-CV-00796-CRS, 2017 WL 938324, at *2 (W.D. Ky. Mar. 9, 2017) (ERISA claims within scope of broad arbitration clause); *Rowe v. ZF N. Am., Inc.*, No. 3:20-CV-1296, 2021 WL 3036787, at *6 (N.D. Ohio July 19, 2021) (plaintiff's "ERISA claims are inextricably linked to his employment relationship"); *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005) ("When faced with a broad arbitration clause, such as one covering any dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration."); *see also, e.g.*, *Kumiko Morioka v. Nissin Travel Servs., Inc.*, No. 18-12365, 2018 WL 704463, at *4-6 (E.D. Mich. Dec. 28, 2018); *Kumiko Morioka v. Nissin Travel Servs., Inc.*, No. 18-12365, 2018 WL 704463, at *4-6 (E.D. Mich. Dec. 28, 2018) (arbitration required under broad arbitration clause where all alleged wrongful conduct arose from employment relationship) *report and recommendation adopted Kumiko Morioka v. Nissin Travel Servs. (U.S.A.), Inc.*, No. 18-12365, 2019 WL 198986 (E.D. Mich. Jan. 15, 2019); *Shelby Cnty. Health Care Corp. v. United Healthcare Ins. Co.*, No. 3:08-0312, 2008 WL 11403210, at *2 (M.D. Tenn. Aug. 14, 2008) (citing *Simon* and finding arbitration required under broad arbitration clause where parties "consented to arbitrate any dispute they could not resolve"). But, as mentioned above, the agreement does not include a class action waiver. Best did not waive his right to assert a class action lawsuit, so he cannot be compelled to do so under this agreement.

Plaintiffs also argue their agreements predate the ESOP, so they cannot be compelled to arbitrate anything that came after they signed their agreements. [DE 49 at 390-91]. They state the ESOP was formed in 2012. [*Id.* at 387]. However, Hicks' and Chmielewski's agreements were signed in 2019, after the formation of the ESOP, so this argument is inapplicable to these agreements. [DE 45-7 at 345; 45-8 at 351]. And while Best's agreement was signed in 2004,

before the formation of the ESOP, Plaintiffs have cited no law suggesting that an agreement's

earlier date of signature invalidates its scope.[5] [DE 45-5 at 330]. Plaintiffs' argument lacks support

and thus fails.

     *iii.*    *Congressional Intent to Exclude Claims*

     The Court next considers if Congress intended for Plaintiffs' federal claims to be non-

arbitrable. *Stout*, 228 F.3d at 714. The Supreme Court has provided guidance on determining

Congressional intent:

> The Arbitration Act, standing alone . . . mandates enforcement of agreements to
> arbitrate statutory claims. Like any statutory directive, the Arbitration Act's
> mandate may be overridden by a contrary congressional command. The burden is
> on the party opposing arbitration, however, to show that Congress intended to
> preclude a waiver of judicial remedies for the statutory rights at issue. If Congress
> did intend to limit or prohibit waiver of a judicial forum for a particular claim, such
> intent will be deducible from the statute's underlying purposes.

*Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220 (1987). "To override the Arbitration Act's

mandate in this case, the Plaintiffs must demonstrate that Congress intended to make an exception

to the Arbitration Act for claims arising under ERISA." *Prachun v. CBIZ Benefits & Ins. Servs.,*

*Inc.*, No. 2:14-CV-2251, 2015 WL 5162522, at *6 (S.D. Ohio Sept. 3, 2015) (citing *McMahon*,

482 U.S. at 227).

---

[5] *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("It is not sufficient for a party to mention a
possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quoting
*McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997); *see also Singleton v. Astrue*, No. CIV.A. 09-
333-GFVT, 2010 WL 6004448, at *3 (E.D. Ky. June 28, 2010), *report and recommendation adopted,* No.
CIV. 09-333-GFVT, 2011 WL 843965 (E.D. Ky. Mar. 9, 2011), ("It is well-established that courts are not
obligated to consider unsupported arguments inadequately developed in the briefs") (quoting *Lewless v.
Sec'y of Health & Hum. Servs.*, 25 F.3d 1049 (6th Cir. 1994) (Table) (internal quotation marks and
formatting omitted)).

Plaintiffs argue that the arbitration clause's anti-class action provision violates 20 U.S.C. § 1109.[6]  [DE 49 at 395-99].  Plaintiffs also argue the arbitration clause violates ERISA's anti-cutback rule.  [*Id.* at 399-400].  Defendants maintain that the arbitration provisions do not offend or violate ERISA.  [DE 54 at 432-24].

Plaintiffs have not shown that the ERISA claims are non-arbitrable.  *See Prachun*, 2015 WL 5162522, at *6 (citing *McMahon*, 482 U.S. at 227) (discussing ERISA's silence on arbitration, Sixth Circuit authority and Supreme Court authority); *Simon*, 398 F.3d at 774–75 (collecting cases and noting that a majority of courts considering whether ERISA preempts arbitration under the FAA have held that disputes arising under ERISA are subject to arbitration under the FAA); *and CompuCredit Corp. v. Greenwood*, 565 U.S. 95 (2012) (the Supreme Court has "repeatedly recognized that contractually required arbitration of claims satisfies the statutory prescription of civil liability in court."); *see also Eckel v. Equitable Life Assur. Soc. of the U.S.*, 1 F. Supp. 2d 687, 688 (E.D. Mich. 1998) (collecting cases) ("the majority of courts considering the issue have held that disputes arising under ERISA . . . are subject to arbitration under the FAA.")

Because the asserted claims are within the scope of the agreements, ERISA is silent on whether the claims under the Act can proceed in an arbitrable forum, and both Supreme Court and Sixth Circuit authority suggest ERISA does not preempt the FAA, Plaintiffs' ERISA claims are arbitrable.

    *iv.*    *Stay*

Because Plaintiffs' claims are subject to arbitration, the Court must decide whether to dismiss Defendants or stay the case.  The FAA contemplates a stay of proceedings in federal court,

---

[6] Plaintiffs only make arguments related to ESOP's arbitration agreement, which the Court did not analyze because it did not find it to be a valid arbitration agreement, as discussed above.  However, the Court considers these arguments as they apply to the employment arbitration agreements analyzed in this Order.

rather than dismissal of the action, until the arbitration has occurred in line with the agreement. *See* 9 U.S.C. § 3.   Nonetheless, "[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."   *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000); *see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").   Here, Plaintiffs' claims against ICSO and the Kirchdorfers are asserted under ERISA, and as discussed above, each issue is thus arbitrable.   Staying the action against these Defendants will therefore serve no meaningful purpose, and the Court **DISMISSES without prejudice** ICSO and the Kirchdorfers.[7]   *See Smith v. TransUnion, LLC*, No. CV 5:21-036-DCR, 2021 WL 1093625, at *2 (E.D. Ky. Mar. 22, 2021) (dismissing one of multiple defendants when all claims against that defendant were arbitrable).

Plaintiffs also request oral argument on Defendants' motion because they "believe oral argument would assist the Court."   [DE 49 at 407].   Plaintiffs do not elaborate further.   The legal issues are clear, and oral argument would not assist the Court, so the Court **DENIES** the request for oral argument.   *See e.g., Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 159 (6th Cir. 1983); *and Yamaha Corp. of Am. v. Stonecipher's Baldwin Pianos & Organs, Inc.*, 975 F.2d 300, 301 (6th Cir. 1992) ("Many times the legal issues are abundantly clear and so firmly settled so as to make oral argument completely unnecessary").

Defendant James and both claims against him remain.   James previously moved to stay the proceedings pending the outcome of the current motion and any arbitration.   [DE 74 at 572].   The parties resolved this motion to stay between themselves, jointly stipulated to discovery on the

---

[7] Because the Court finds the claims arbitrable, it does not consider the merits of these claims.

claims against James, and have proceeded with discovery.  [DE 76; DE 81; DE 86].  The Court

has no other argument before it on staying the claims against James and finds no reason to do so

at this time.

## **CONCLUSION**

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS**

**ORDERED** as follows:

(1)     Defendants' Motion to Dismiss [DE 45] is **GRANTED** insofar as it seeks to compel

arbitration;

(2)     Defendants ICSO Industries, Inc., James Kirchdorfer, and Mark Kirchdorfer are

**DISMISSED WITHOUT PREJUDICE**.

Rebecca Grady Jennings, District Judge
United States District Court

September 22, 2022

cc: counsel of record

12