UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NATHAN BEST, ET AL.                                                                                    Plaintiff

v.                                                                             Civil Action No. 3:20-cv-299-RGJ

STEPHEN C. JAMES, ET AL.                                                                         Defendants

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiffs Nathan Best ("Best"), Matthew Chmielewski ("Chmielewski"), and Jay Hicks ("Hicks," collectively "Plaintiffs") move for reconsideration of the Court's Order [DE 89] on motion to dismiss. [DE 92]. Defendants ICSO Industries, Inc. ("ICSO"), James Kirchdorfer, and Mark Kirchdorfer, (collectively "Defendants") responded [DE 93], and Plaintiffs replied. [DE 94]. Defendants moved for leave to file a surreply to Plaintiffs' motion for reconsideration, [DE 95] with their surreply attached [DE 95-1]. These matters are ripe. For the reasons below, Plaintiffs' Motion to Reconsider [DE 92] is **DENIED**, and Defendants' Motion for Leave to File a Surreply [DE 95] is **GRANTED**.

**I.      BACKGROUND**

The background previously set forth in the Court's Order denying Defendants' motion to dismiss [DE 89] is incorporated.

The individual and a proposed class[1] of similarly situated Plaintiffs participated in ISCO's Employee Stock Ownership Plan ("ESOP"). [DE 1 at 2]. In April 2020, Plaintiffs filed their Class Action Complaint under the Employee Retirement Income Security Act ("ERISA") against the above Defendants and Defendant Stephen James ("James"). [DE 1]. They allege two claims, one

---

[1] The Court has not yet certified a class.

1

of breach of fiduciary duty and one of engaging in a prohibited transaction. [*Id.* at 8-13]. The Court granted the motion to dismiss in favor of arbitration [DE 89], and Plaintiffs now move the Court to reconsider its Order. [DE 92].

## II. STANDARD

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). Although the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59. *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues." *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1 (citation omitted). When a party the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit. *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997); *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (citations omitted).

Accordingly, the Sixth Circuit instructs that a motion for reconsideration should be granted only in four situations: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening

2

change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted). Because there is an interest in the finality of a decision, motions for reconsideration "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. CIV.A.3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

### III. DISCUSSION

#### a. Motion for Surreply [DE 95].

The Court first addresses Defendants' motion for surreply, as the arguments in it are relevant to the motion to reconsider. Plaintiffs did not respond to the motion for surreply. Whether to permit a party to file a sur-reply is a matter left to the trial court's discretion. *Key v. Shelby Cnty.*, 551 F. App'x 262, 264 (6th Cir. 2014) (citing *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010); *Tanielian v. DaimlerChrysler Corp.*, 108 F. App'x 386, 387 (6th Cir. 2004)). "Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003). "As many courts have noted, '[s]ur-replies. . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (quoting *In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006)) (additional citation omitted). "The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments or

introduce new evidence." *Id.*; *see, e.g.*, *Key*, 551 F. App'x at 265 (holding that district court's denial of motion to file sur-reply was not abuse of discretion due to lack of new arguments raised in reply and six-month delay between filing of reply and motion for sur-reply).

Defendants argue their Sur-Reply addresses inaccuracies and new arguments in Plaintiffs' reply. [DE 95-1 at 656]. It raises four specific arguments: 1) that Plaintiffs misstated that federal law is settled regarding arbitration agreements prohibiting plan-wide relief; 2) that Plaintiffs misstated the law by arguing class waiver is unenforceable because ERISA § 502(a)(2) mandates proceeding on a class basis; 3) Plaintiffs claimed for the first time in reply that *Hawkins v. Cintas Corp.*, 32 F.4th 625 (6th Cir. 2022), involved a § 502(a)(3) claim; and 4) Plaintiff recharacterized their manifest injustice argument in reply. [DE 95 at 652]. By not replying, Plaintiffs concede these arguments. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (stating that where plaintiff failed to respond to argument, any opposition was waived). The Court finds Defendants' arguments raised in sur-reply worthy of consideration. Defendants filed the Motion for Sur-reply only three days after the filing of Plaintiffs' Reply, so it did not create a delay for the Court or Plaintiffs. The Court finds the Sur-Reply should be permitted here and accordingly, will **GRANT** the Motion for Sur-Reply [DE 95].

### b. Motion for Reconsideration

Defendants moved to dismiss Plaintiffs' class action Complaint and compel arbitration. [DE 45 at 199]. The Court granted this motion, finding Plaintiffs signed valid individual arbitration agreements in the form of employee agreements. [DE 89]. Plaintiffs move for reconsideration of this Order arguing it was a clear error of law, because their claims are not individual ones and instead belong to the plan, and that the Court's analysis already rejected application of the ESOP Arbitration Agreement. [DE 92 at 365, citing *Hawkins*, 32 F.4th 625; DE

94 at 648-49]. Plaintiffs also argue for reconsideration based on manifest injustice, because their claims cannot proceed in class arbitration and because proceeding against Defendant James alone will limit their judgment. [DE 92 at 636-37].

The Court first notes that Plaintiffs' earlier briefing in response to Defendants' motion to dismiss did not clearly argue they were bringing their claims on behalf of the plan as a whole or that the employee arbitration agreements would not apply on that basis. Nor did Plaintiffs fully analyze this argument in their supplemental authority notice, which was one of fifteen supplemental notice and response documents considered by the Court. Rather, Plaintiffs appeared to be seeking individual monetary relief, as available under § 502(a)(3). *See* [DE 49 at 406-7 ("The second sentence of the Complaint states, 'Plaintiffs seek relief relating to losses they incurred in connection with the sale of stock of ISCO Industries Inc., from a now-terminated ESOP in which they were participants, back to the prior owners of that stock at a grossly deficient price.' The Complaint identifies the total price for the transaction…")]; *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 825 (6th Cir. 2007) ("Because a § 502(a)(2) suit is a derivative action, a plaintiff bringing suit under this provision cannot obtain personal monetary relief, but must instead seek relief for the plan."); *and Moeckel v. Caremark RX Inc.*, 385 F. Supp. 2d 668, 677 (M.D. Tenn. 2005) ("The Court has interpreted Section 502 (a)(3) as a "catchall" provision, which would allow a participant or beneficiary to bring an action for *individual* relief for a fiduciary's breach of a fiduciary obligation." (emphasis added) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 510–11 (1996)).

While Plaintiffs now argue that *Hawkins* was a change in law, Plaintiffs' supplemental notice did not previously explicitly note that to the Court—they merely noted that the Sixth Circuit

had affirmed a district court's denial of a motion to compel arbitration of plan claims.[2] [*See* DE 80]. However, because the Complaint asserts a claim under ERISA § 502(a)(2), they assert a claim on behalf of the plan, they previously cited *Hawkins* to the Court in their notice, and the Court did not earlier analyze this argument, the Court considers the effect of *Hawkins* on its order.

The Court's order on motion to dismiss held that the individual Plaintiffs' employee agreements, containing arbitration agreements, bound their claims—under ERISA § 502(a)(3)—to arbitration. As more fully analyzed in the Court's earlier order, Plaintiffs argued these arbitration agreements do not apply because their claims are unrelated to their employment and fall outside the scope of their employment. The Court found the claims within the scope of the agreements because two of the employee agreements contained arbitration clauses explicitly including ERISA, and the third referenced any employment dispute.

In *Hawkins*, the Sixth Circuit recently held that individual employee agreements cannot bind claims brought on behalf of a plan and that "the weight of authority and the nature of § 502(a)(2) claims suggest that these claims belong to the plan, not to individual plaintiffs." *Hawkins*, 32 F.4th 625. As applied to Plaintiffs' claims brought on behalf of the plan, under *Hawkins* the individual employee agreements cannot bind the plan to arbitration. Thus, the employee agreements do not apply to Plaintiffs' claims brought under § 502(a)(2), and they are not bound to arbitration under these agreements or the Court's earlier analysis.

However, *Hawkins* did not discuss § 502(a)(3) in its order, and this Court's dismissal of such individual § 502(a)(3) claims in its earlier Order remains appropriate, so the Court will not further analyze the argument Plaintiffs make on this point in Reply.

---

[2] Additionally, as the Court interpreted Plaintiffs' claims as individual ones, not as ones on behalf of the Plan, the Court frankly gave little weight to this submitted supplemental authority.

Plaintiffs argued in the motion to dismiss that they did not receive notice of or consent to the arbitration policy, and also argued that it lacked consideration. [DE 49 at 391-95]. The Court's previous Order considered whether the ESOP's Arbitration "Amendment Number Two" ("ESOP Amended Agreement") containing an ERISA Arbitration and Class Action Waiver applied to Plaintiffs. [DE 45-6; DE 89 at 622-24]. Because the ESOP Amended Agreement had been signed by ICSO representatives, rather than the individual plaintiffs, the Court was not persuaded regarding consent and validity of this agreement as to the individual plaintiffs. [*Id.* at 623–24]. But this analysis is different when considering the validity of the agreement as to the plan's consent to arbitrate. The Court begins anew with its analysis of the validity of this Agreement as applied to the § 502(a)(2) claims.

As Defendants note, in *Hawkins*, "the absence of a sufficient manifestation of the [p]lan's consent to arbitrate these claims" compelled the Court to find the claims un-arbitrable. *Id.* at 637. The Court in *Hawkins* did not elaborate on what a sufficient manifestation of the plan's consent would be, but noted that defendant's position—as here—was "hinting that it should be able to unilaterally decide it wants to arbitrate claims against itself." *Hawkins* at 637. The Sixth Circuit then commented: "[t]rue, [defendant] could amend the plan documents to include an arbitration provision, which might accomplish the same goal. But we need not, and do not, decide whether an arbitration provision in the plan documents would subject § 502(a)(2) claims to arbitration." *Id.* Thus, while the Sixth Circuit has not decided whether an amended arbitration provision in a plan document, as here, could bind a plan to arbitration, its comment suggests that the amendment "might accomplish" this goal. And if neither individual agreement nor plan consent can bind the plan, this Court seems to be left with an illogical result where § 502(a)(2) claims would never be bound to arbitration, unless, perhaps, the initial plan documents included an arbitration agreement.

7

And while the Sixth Circuit has not explicitly held these claims are arbitrable, "every other circuit to consider the issue" has held that "ERISA claims are generally arbitrable." *See Smith v. Bd. of Directors of Triad Mfg., Inc.*, 13 F.4th 613, 620 (7th Cir. 2021) (collecting cases from the Second, Third, Fifth, Eighth, Ninth, and Tenth Circuits).

With the Sixth Circuit's indication that an amended plan document included an arbitration provision would bind the plan to arbitration, and absent further direction, the Court finds the ESOP Amended Agreement sufficient to bind the plan to arbitration. And because the ESOP representative could thus bind the plan and has submitted a declaration on notice, [DE 54-1], the Court does not further consider the question of Plaintiffs' individual consent or consideration. Plaintiffs' ERISA claims are within the scope of the ESOP Amended Agreement, as it explicitly includes an "ERISA Arbitration and Class Action Waiver." [DE 45-6 at 335]. Under this agreement, Plaintiffs must arbitrate their claims.

The Court also considers whether the claims must proceed individually or through class action. Plaintiffs argue that "the Supreme Court has effectively rejected class arbitrations virtually in all instances, unless the parties expressly agree *in the arbitration clause* that class-wide arbitration is permitted" and that § 502(a)(2) mandates proceeding exclusively through representative or class proceedings. [DE 92 at 637 (emphasis in original)]. Defendants argue "the Supreme Court made clear in *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248 (2008), [that] Section 502(a)(2) claims can be brought by an individual plan participant to redress fiduciary breaches that injure only that individual's plan account." [DE 95-1 at 658].

The Court has no specific guidance from the Supreme Court on whether § 502(a)(2) claims must be arbitrated through class proceedings. But regardless of the parties' policy arguments, the parties agreed to class action waiver, and class action waivers are enforceable in the arbitration

context. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ("Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations." (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010))); *see also Brown on behalf of Brown on behalf of Henny Penny Corp. Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*, No. 3:17-CV-250, 2018 WL 3546186, at *3 (S.D. Ohio July 24, 2018) ("Moreover, class waivers in arbitration agreements are enforceable even if the statute at issue expressly permits collective actions.") (citing *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013); *and Epic Sys. Corp. v. Lewis*, 200 L. Ed. 2d 889 (May 21, 2018) (holding that the right to "engage in other concerted activities" under the NLRA does not manifest congressional intent to displace the FAA)). Thus Plaintiffs may not arbitrate their claims against Defendants on a class basis, and Plaintiffs' Motion to Reconsider [DE 92] is **DENIED**.[3]

The Court sua sponte considers its jurisdiction over the remaining defendant, as is its duty. *Answers in Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte."). Defendant James was the ESOP trustee. The language of the ESOP Amended Agreement reads:

> Any claim . . . which arises out of, relates to, or concerns this Plan, the Trust Agreement, or the Trust, including without limitation, any claim for benefits under the Plan, Trust Agreement, or trust; any claim asserting a breach of, or failure to follow, the Plan or Trust; and any claim asserting breach of, or failure to follow, any provision of ERISA or the Code, including without limitation claims for breach of fiduciary duty . . . shall be resolved exclusively by binding arbitration . . .

---

[3] The Court notes Plaintiffs' argument that proceeding solely against Defendant James would result in manifest injustice because of his limited "ability to satisfy a multi-million-dollar judgment." [DE 92 at 637]. Regardless of the validity of an 'ability to pay' argument, Plaintiffs may still recover from the other Defendants in arbitration, so the Court finds this argument unpersuasive.

9

[DE 45-6 at 335-6]. Having found that the ESOP Amended Agreement is valid and that all Plaintiffs' ERISA claims are subject to individual arbitration, the Court fails to see why the claims against James should not also be sent individual arbitration. Plaintiffs have 30 days to explain to the Court why these claims are not within the scope of this agreement and should not be sent to arbitration. *See Johnson v. Ward*, 43 F. App'x 779, 781 (6th Cir. 2002) ("This court has ruled that before dismissing a case sua sponte on the merits, the district court must: 1) allow service of the complaint upon the defendant; 2) notify all parties of its intent to dismiss the complaint; 3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; 4) give the defendant a chance to respond or file an answer or motions; and 5) if the claim is dismissed, state its reasons for the dismissal."). Failing such an explanation, Plaintiff's complaint will be dismissed in favor of arbitration.

## **CONCLUSION**

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Plaintiffs' Motion to Reconsider [DE 92] is **DENIED;**

(2) Defendants' Motion for Leave to File a Surreply [DE 95] is **GRANTED**;

(3) Plaintiffs have 30 days from the date of this order to state why the claims against Defendant James should not be dismissed in favor of arbitration.

Rebecca Grady Jennings, District Judge
United States District Court

January 9, 2023

cc: counsel of record