UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NATHAN BEST, ET AL.                                                                                       Plaintiff

v.                                                                                    Civil Action No. 3:20-cv-299-RGJ

STEPHEN C. JAMES, ET AL.                                                                               Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Nathan Best ("Best"), Matthew Chmielewski ("Chmielewski"), and Jay Hicks ("Hicks") (collectively "Plaintiffs") filed a motion to reconsider asserting new controlling precedent. [DE 141]. Defendants ISCO Industries, Inc. ("ISCO"), James Kirchdorfer, and Mark Kirchdorfer, (collectively "ISCO Defendants") responded [DE 142], and Plaintiffs replied. [DE 143]. Defendants also previously moved to amend the court's previous order to stay the claims against them in light of intervening Supreme Court authority. [DE 131]. These matters are ripe. For the reasons below, the Court **GRANTS** Plaintiffs' motion to reconsider [DE 141], **DENIES** James's motion to amend [DE 110], **DENIES as moot** Plaintiffs' motion for a hearing [DE 142], **DENIES as moot** ISCO Defendants' motion to reconsider [DE 131], and **VACATES** the Court's previous Order regarding ISCO Defendant's motion to dismiss [DE 89] in accordance with this order.

**I.    FACTUAL BACKGROUND**

The background previously set forth in the Court's Order denying ISCO Defendants' motion to dismiss [DE 89] is incorporated.

1

The individual and a proposed class[1] of similarly situated Plaintiffs participated in ISCO's Employee Stock Ownership Plan ("ESOP"). [DE 1 at 2]. In April 2020, Plaintiffs filed their Class Action Complaint under the Employee Retirement Income Security Act ("ERISA") against the ISCO Defendants and Defendant Stephen James ("James"). [DE 1]. Plaintiffs allege one count of breach of fiduciary duty under ERISA §§502(a)(2) and (a)(3) and one count of engaging in a prohibited transaction under ERISA§§ 406(a)-(b) and 29 U.S.C. §§ 1106(a)(b). [*Id.* at 8-13].

## II.     PROCEDURAL BACKGROUND

ISCO Defendants moved to dismiss Plaintiffs' class action Complaint and compel arbitration. [DE 45 at 199]. The Court granted this motion on September 20, 2022, finding Plaintiffs signed valid individual arbitration agreements in the form of employee agreements, compelled their claims against the ISCO Defendants to arbitration, and dismissed the claims against the ISCO Defendants. [DE 89]. That left Plaintiffs' claims pending against James only.

On September 27, 2022, Plaintiffs then moved for reconsideration regarding the Court's order compelling arbitration against the ISCO Defendants arguing it was a clear error of law, because their claims are not individual ones and instead belong to the plan, and that the Court's analysis already rejected application of the ESOP Arbitration Agreement. [DE 92 at 365, citing *Hawkins*, 32 F.4th 625; DE 94 at 648-49]. Plaintiffs also argued for reconsideration based on manifest injustice, because their claims cannot proceed in class arbitration and because proceeding against James alone will limit their judgment. [DE 92 at 636-37]. However, the Court denied Plaintiffs' motion for reconsideration. [DE 99].

---

[1] The Court has not yet certified a class.

On March 22, 2023, James filed a "Brief in Support of this Court's Sua Sponte Consideration of Dismissal for Lack of Subject Matter Jurisdiction" [DE 110].[2] In this motion, James "asks this Court to affirm is *sua sponte* consideration of its lack of subject-matter jurisdiction over the remaining claims against Mr. James, as outlined in the Court's January 10, 2023, Opinion and Order, and proceed to dismiss Plaintiff's claims against Mr. James in favor of arbitration." [*Id*. at 728]. The Court has yet to rule on this motion.

On July 11, 2024, ISCO Defendants then moved the Court to amend its previous order [DE 89], pursuant to Fed. R. Civ. P. 54(b), 60(b) and 59(e), where the Court dismissed the claims against the ISCO Defendants "because dismissal, rather than a stay, was appropriate because all of the claims were subject to arbitration." [DE 131 at 773]. The ISCO Defendants argued that there has been a change in relevant case law, when the Supreme Court issued its opinion in *Smith v. Spizzirri*, 601 U.S. 472 (2024). The Supreme Court held "[w]hen a district court finds that a lawsuit involves a arbitrable dispute and a party has requested a stay of the court proceeding pending arbitration, § 3 [of the Federal Arbitration Act] compels the court to issue a stay, and the court lacks discretion to dismiss the suit." *See Smith*, 601 U.S. at 473. And because of the same change in case law, James altered his previous brief [DE 110] and "in line with the *Smith* decision by requestion Plaintiff's claims against him be stayed in favor of arbitration" instead of dismissal. [DE 134 at 786].

Plaintiffs now move the Court again to reconsider its Order granting dismissal in favor of arbitration. [DE 89; DE 141]. Plaintiffs argue that a change in controlling case law by the Sixth Circuit requires the Court to reconsider its previous order. [*Id*. at 957]. In response, the ISCO

---

[2] It is important to note that James filed DE 110 with the incorrect name. Because James did not correctly label this docket entry as a motion, it did not come to the Court's attention that it needed to be ruled upon. *See* ECF User Manual, United States District Court Western District of Kentucky (2021), https://www.kywd.uscourts.gov/content/ecf-user-manual.

3

Defendants assert that the Sixth Circuit erred in their decision and the Court should not follow this precedent. [DE 140 at 793].

## III. DISCUSSION

### a. Motion for Reconsideration [DE 141]

#### 1. <u>Reconsideration</u>

##### i. *Standard*

District courts have authority under common law and Fed. R. Civ. P. 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The standard for reconsideration under Rule 54(b) is similar to that applied to motions to alter or amend judgment under Rule 59(e). Courts traditionally find "justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quotations omitted). Generally, a motion to amend judgment under Rule 5(e) must be filed within 28 days, however, this deadline does not apply to reconsideration of an interlocutory order under Rule 54(b). *See* Fed. R. Civ. P. 54. Thus, the motion is timely filed and the issue here is whether the Court's opinion granting dismissal in favor of the ISCO Defendants should be altered, amended, or vacated because of an intervening change in controlling law.

##### ii. *Analysis*

Plaintiffs argue that the Sixth Circuit has issued binding precedent making "plain that the claims brought on behalf of an ERISA plan – like those here – cannot be forced into individual arbitration." [DE 141 at 957]. Specifically, Plaintiffs argue that "in *Parker v. Tenneco, Inc.*, 114

4

F.4th 786 (6th Cir. 2024), the Sixth Circuit rejected [the] defendants' efforts to invoke a provision in an ERISA plan, like here, purporting to require arbitration on an individual basis of claims brought on behalf of the plans or its participants." [DE 41 at 957]. It is also important to note, in relevant part, *Parker* states:

> It is just as important to note what we do not hold. Nothing in this opinion should be construed as implying that §§ 409(a) and 502(a)(2) are incompatible with the arbitral forum. The problem here lies with this individual arbitration provision, which is non-severable, limiting statutory remedies that bar effective vindication of statutory rights.

*Parker*, 114 F.4th at 801-02 (citing *Harrison*, 59 F.4th at 1106-07, 1109). In other words, *Parker* held that individual arbitration provisions could not waive statutory rights and remedies on behalf of a plan or its participants and are thus not enforceable including. Thus, this Court must determine whether *Parker* presents a change in the law that requires a different outcome as to whether Plaintiffs' claims, brought on behalf of the Plan, should be compelled to arbitration.

As a threshold matter, ISCO Defendants argue that the Sixth Circuit erred in holding that the arbitration provision at issue in *Parker* was unenforceable. [DE 140 at 793]. But this Court is bound by Sixth Circuit precedent. *Kennard v. United Parcel Serv., Inc.*, 531 F.Supp. 1139, 1142 (D.C. Mich. 1982) ("Unlike an appellate court, a district court cannot shape decisional law by overruling precedent, since it lacks the power to do so, but instead merely applies the law as it finds it."). As a result, *Parker* is binding on this Court and ISCO Defendants' argument that *Parker* is erroneous fails.

In *Parker*, the Sixth Circuit held that arbitration provisions that barred "effective vindication" of statutory rights guaranteed by ERISA are unenforceable. *Id*. at 793. Thus, *Parker* provides controlling case law that individual arbitration provisions are unenforceable when a plaintiff brings a claim under ERISA on beheld of the plan, individual arbitration agreements are

5

no longer enforceable to compel arbitration because they are "non-severable, limiting statutory remedies that bar effective vindication of statutory rights." *Parker*, 114 F.4th at 802. And neither party disputes that *Parker* applies to both claims that Plaintiffs brought in this case. Thus, under *Parker*, because both claims are brought on behalf of the members of the plan, the individual arbitration agreements in both the employment agreement and ESOP are unenforceable because if they were enforceable, they would bar effective vindication of statutory rights. *See id*. Thus, because the claims are brought on behalf of the ERISA plan, *Parker* applies, and the individual arbitration agreements are unenforceable. Accordingly, the Court **GRANTS** Plaintiffs' motion to reconsider [DE 141] and **VACATES** its prior order granting dismissal [DE 89].

However, because dismissal was previously granted because of the arbitration agreements, the Court never analyzed ISCO Defendants' Rule 12(b)(6) arguments. ISCO Defendants renewed their Rule 12(b)(6) arguments, asserting that even if the arbitration agreements are found to be unenforceable under Parker, that Plaintiffs' claims still must be dismissed for not meeting the plausibility requirement under Fed. R. Civ. P. 12(b)(6). [DE 143 at 967].

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic

recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. Of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

Plaintiffs' claims arise from the alleged following actions. In 2012, ISCO formed the ISCO ESOP. [DE 1 at 3]. Kirchdorfer and the ISCO Trusts agreed to sell ISCO's outstanding shares of stock to the ESOP for $98 million. [*Id*]. In the Summer of 2016, the Kirchdorfer Defendants saw an opportunity to buy back the ISCO stock that they sold to the ESOP in 2012. [*Id.*]. By August 2017, ISCO's financials began improving and Kirchdorfer "accelerated the plot to take ISCO's stock back from the ESOP." [*Id*. at 4]. Kirchdorfer accelerated the plan by "expressing his views that the ESOP was inconsistent with the Company's business circumstances and pressuring plan participants to write out short narratives for him to the effect that they disliked the ESOP and did not value ownership of the ISCO stock through the Plan." [*Id*.]. In September 2017, the Kirchdorfer Defendants replaced Wilmington Trust as the ESOP's independent trustee with Stephen James. [*Id*. at 5]. And in October 2017, ISCO executives met to "finalized the financial forecasts for 2018," where Kirchdorfer "repeatedly . . . attacked the forecasts as too high, demanding that they

7

be lowered." [*Id.*]. Not long after, James approved the Plan's sale of ISCO stock back to Kirchdorfer Defendants for $96.6 million. [*Id.*]. According to the Plaintiffs, James "made no inquiry of any ISCO sales executives concerning the company's forecast or valuation" nor "solicit the opinion of any participants . . . concerning the proposed transaction or its terms." [*Id.*]. In sum, Plaintiffs allege that ISCO Defendants formed the ESOP, sold ISCO's shares to the ESOP, and then years later, bought back the shares at a deflated value when the company's value was increasing, to benefit the ISCO Defendants. Thus, Plaintiffs now bring two claims: (1) breach of fiduciary duty under ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C. §§ 1132(a)(2) and (a)(3), and (2) engaging in prohibited transactions in violation of ERISA §§ 406(a)-(b), 29 U.S.C. 1106(a)-(b).

"To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that: (1) the defendant was a fiduciary of an ERISA plan who, (2) acting within his capacity as a fiduciary, (3) engaged in conduct constituting a breach of his fiduciary duty." *In re Cardinal Health ERISA Litig.*, 424 F. Supp. 2d 1002, 1016 (S.D. Ohio 2006) (citing 29 U.S.C. § 1009). In the complaint, Plaintiffs allege that Defendants were fiduciaries with respect to ESOP because "they exercised discretionary authority respecting management of such plan, or disposition of its asserts, and had discretionary authority in the administration of the Plan for all practical purposes." [DE 1 at 9]. Plaintiffs also allege that James and the Kirchdorfer Defendants breached their fiduciary duties under § 404(a)(1) by, in sum, failing to adequately investigate the stock buyback, participating in a self-interested deal, and causing the ESOP to sell its ISCO stock for less than fair market value. Thus, Plaintiffs alleged more than conclusory statements to support their claim, and met all elements set forth. Because Plaintiffs provided facts and not just conclusory statements, Plaintiffs have alleged enough facts to make their breach of fiduciary duty claim plausible on its face on Count I.

Under Count II, to establish a violation of engaging in prohibited transactions in violation of ERISA, plaintiffs must allege that defendants engaged in a "transaction" prohibited by ERISA while acting in a fiduciary capacity. *See Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 724 (6th Cir. 2000). "But in order to sustain an alleged transgression of § 406(a), a plaintiff must show that a fiduciary caused the plan to engage in the allegedly unlawful transaction." *Lockheed Corp. v. Spink*, 517 U.S. 882, 888-89 (1996). As discussed above, Plaintiffs have adequately alleged in the complaint that Defendants were fiduciaries of the ESOP. [DE 1 at 9].  Additionally, Plaintiffs allege in the complaint that the Defendants engaged in prohibited transactions under ERISA §§ 406(a)-(b) because (1) the December 2011 ESOP Transaction "did not meet the conditional exemption requirements of ERISA § 408(e)," and (2) Defendants failed to receive Fair Market Value for the ISCO stock sold to the Kirchdorfer Defendants in February 2018." [*Id*. at 11]. And for the same reasons of Count I, Plaintiffs have adequately alleged enough facts to make Count II plausible on its face.

Accordingly, Plaintiffs' claims meet the plausibility standard of Rule 12(b)(6) and ISCO Defendants' motion to dismiss [DE 45] is **DENIED**.

**b. James's Motion to Dismiss [DE 110; DE 134]**

On March 22, 2023, James filed a motion, titled a brief, requesting the Court to "affirm is *sua sponte* consideration of its lack of subject-matter jurisdiction over the remaining claims against Mr. James." [DE 110 at 728]. However, for the same reasons that the Court vacated its previous order above, the Court now **DENIES** James's request.

**CONCLUSION**

For the reasons above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Plaintiffs' Motion to Reconsider [DE 141] is **GRANTED;**

(2) The Court **VACATES** its prior ruling on the ISCO Defendants' motion to dismiss [DE 89] with this Order;

(3) James's Motion to Dismiss is **DENIED** [DE 110; DE 134];

(4) ISCO Defendants' Motion to Amend Order [DE 131] is **DENIED as moot;** and

(5) Plaintiffs' Motion for a Hearing [DE 142] is **DENIED as moot**.

February 3, 2025

Rebecca Grady Jennings, District Judge
United States District Court