UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NATHAN BEST, ET AL.                                                    Plaintiff

v.                                              Civil Action No. 3:20-cv-299-RGJ

STEPHEN C. JAMES, ET AL.                                             Defendants

* * * * *

### MEMORANDUM OPINION AND ORDER

Plaintiffs Nathan Best ("Best"), Matthew Chmielewski ("Chmielewski"), and Jay Hicks ("Hicks") (collectively, "Plaintiffs") move for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. [DE 179]. Defendants ICSO Industries, Inc. ("ICSO"), James Kirchdorfer, and Mark Kirchdorfer ("Kirchdorfer Defendants") (collectively, "Defendants") do not oppose Plaintiffs' motion. This matter is ripe. For the reasons below, Plaintiffs' Unopposed Motion for Class Certification [DE 179] is **GRANTED**.

### I.    BACKGROUND

The individual and a proposed class of similarly situated Plaintiffs participated in ISCO's Employee Stock Ownership Plan ("ESOP" or "Plan"). [DE 1 at 2]. The Plan was formed in 2012, with the Kirchdorfer Defendants and their trusts agreeing to sell the outstanding shares of ISCO stock to the ESOP for $98 million, or approximately $24.50/share. [DE 179 at 1072]. James Kirchdorfer was chair and CEO of ISCO; Mark Kirchdorfer was president of ISCO. [DE 1 at 2].

The ESOP was terminated in 2018, when ESOP's Independent Trustee approved the Plan's sale of ISCO stock back to the Kirchdorfer Defendants for $96.6 million. [*Id.* at 1; DE 179 at 1074]. This transaction valued the stock at around "$1.4 million less in 2018 than when the ESOP was formed in 2012." [DE 179 at 1074]. Plaintiffs initiated this putative class action in 2020,

alleging that Defendants "should have known [that] the sales price for the buyback did not remotely reflect the fair value of the shares as of February 14, 2018." [DE 1 at 6.].

Plaintiffs now seek to certify a class of

all persons who were participants in the ISCO ESOP when it sold its ISCO shares effective February 14, 2018 and/or beneficiaries of those participants. Excluded from the Plaintiff Class are the individual Defendants and their immediate families, current directors of ISCO and their immediate families, and these individuals' legal representatives, successors, heirs, and assigns.

[DE 179 at 1076]. As noted, Defendants' do not oppose certification of the above class.

## II.    DISCUSSION

Granting Rule 23 class certification involves a two-step process: First, a court must conduct "a rigorous analysis[ ] that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). If the class meets all four Rule 23(a) requirements, the Parties must also demonstrate that "the proposed class [ ] [ ] meet[s] at least one of the three requirements listed in Rule 23(b)." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013) (citations omitted).

*1.    Rule 23(a) Analysis*

Rule 23(a) requires: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). Each requirement must be satisfied, or certification must be denied. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 727 (6th Cir. 2004) (citation omitted).

a.    <u>Numerosity</u>

The first requirement for class certification is that "the class is so numerous that joinder of all members is impracticable . . . ." Fed. R. Civ. P. 23(a)(1). As the Sixth Circuit has explained:

There is no automatic cut-off point at which the number of plaintiffs makes joinder impractical, thereby making a class-action suit the only viable alternative.

> However, sheer number of potential litigants in a class, especially if it is more than
> several hundred, can be the only factor needed to satisfy Rule 23(a)(1).

*Ball*, 370 F.3d at 570 (citation modified). Here, the proposed class consists of "over 400 Plan participants." [DE 179 at 1078]. Because joinder of the absent class members would be impracticable, numerosity is satisfied. *Cf. Caddell v. Campbell*, No. 1:19-CV-91, 2023 WL 3725101, at *2 (S.D. Ohio May 30, 2023) (finding "class containing 500 potential members meets numerosity").

b. Commonality

Commonality "requires 'a common contention' that, if resolved, would resolve claims of all class members 'in one stroke.'" *Strano v. Kiplinger Washington Eds., Inc.*, 649 F. Supp. 3d 546, 554 (E.D. Mich. 2023) (*Strano II*) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "To be common, a question must (1) yield a common answer with common evidence and (2) meaningfully progress the lawsuit." *Speerly v. Gen. Motors, LLC*, 143 F.4th 306, 316 (6th Cir. 2025). To meaningfully progress the lawsuit, a question must affect at least one disputed element of each of the class's claims, which often overlaps "with the merits inquiry." *Speerly*, 143 F.4th at 316–18. In this way, "not every question with a common answer meets" Rule 23(a)(2)'s commonality requirement. *Id.* at 316. Only those which "affect at least one" disputed "element" of the class's claims suffice. *Id.* (citation modified). Moreover, "[t]he decisionmaker must be able to resolve the question with 'a yes-or-no answer for the class in one stroke.'" *Id.* at 316–317 (citation modified). "[T]he court must 'walk through each cause of action, identify the relevant elements, and evaluate which elements, if any, submit to common answers.'" *Id.* at 317.

According to Plaintiffs, "[t]he the same overarching questions of law and fact apply to all Plan participants." [DE 179 at 1079].

These questions include: whether Defendants breached fiduciary duties owed to the Plan and its participants; whether Defendants engaged in a prohibited transaction under ERISA by selling the ESOP's ISCO stock to the Kirchdorfer Defendants; whether Defendants engaged in a prudent investigation of the proposed sale of ISCO stock by the ESOP; whether Defendants breached a fiduciary duty to ESOP participants by causing the ESOP to sell its ISCO stock effective February 14, 2018 for less than Fair Market Value; and the economic consequences to the ESOP and its participants as a result of Defendants' fiduciary violations.

[*Id.*]. Plaintiffs further contend that this case is no different from other class actions involving ERISA fiduciary breach claims, where "[c]ommonality is typically present . . . because the 'appropriate focus . . . is the conduct of the defendants, not the plaintiffs.'" [*Id.* (quoting *In re Aquila ERISA Litig*, 237 F.R.D. 202, 209 (W.D. Mo. 2006)); *see also In re Nortel Networks Corp. ERISA Litig.*, 2009 WL 3294827, at *5 (M.D. Tenn. 2009) ("The commonality requirement is particularly easy to meet when the defendant has engaged in a course of conduct which gives rise to a single cause of action.")].

Here, the Complaint alleges two causes of action: (1) "Breach of Fiduciary Duty Under ERISA §§ 502(a)(2) and (a)(3)"; and (2) "Engaging in Prohibited Transactions in Violation of ERISA §§ 406(a)-(b)." [DE 1 at 8–10]. "A claim for breach of fiduciary duty under ERISA involves three elements: (1) the defendant was a fiduciary of an ERISA plan who, (2) acting in his fiduciary capacity, (3) breached his fiduciary duty." *Mitchell v. DaimlerChrysler Corp. Salaried Employees' Ret. Plan*, No. 5:05CV1890, 2006 WL 1272566, at *6 (N.D. Ohio May 9, 2006). To state a claim under this statute, a plaintiff must allege that (1) the defendant is a fiduciary, (2) the defendant caused the plan to engage in one of the prohibited transactions, (3) the transaction was between the plan and a party-in-interest or involved plan assets, and (4) the defendant knew or should have known that the transaction was prohibited. *Cassell v. Vanderbilt Univ.*, 285 F. Supp. 3d 1056, 1062 (M.D. Tenn. 2018).

4

Having reviewed the allegations in the Complaint, the Court finds that Plaintiffs have identified several questions common to each of the putative class members' claims. At the core of Plaintiffs' breach of fiduciary duty claims are the allegations that Defendants failed to accurately value the ISCO shares, and that this failure was either a due to Defendants' lack of prudence or because of Defendants' conflict of interest. Plaintiffs similarly allege that the transaction was prohibited under ERISA because, *inter alia*, Defendants "caus[ed] the ESOP to sell its ISCO stock for less than adequate consideration [and] failed to conduct an independent and prudent investigation into the fair market price." [DE 1 at 12]. The circumstances of Defendants' decision to engage in the transaction therefore presents common questions of fact central to both of Plaintiffs' claims. Common questions of law include whether Defendants owed fiduciary duties to Plaintiffs and whether the transaction at issue was prohibited by ERISA.

These common questions satisfy the commonality requirement. *See also Shirk v. Fifth Third Bancorp*, 2008 WL 4425535, at *2 (S.D. Ohio Sept. 30, 2008) (finding issues of whether defendants acted as fiduciaries, whether they breached their duties, whether they violated ERISA, and whether the Plan and members of the class were injured sufficient for commonality); *In re Nortel Networks Corp. ERISA Litig.*, 2009 WL 3294827, at *5 (finding breach of ERISA fiduciary duty cause of action presented three common questions: "(1) whether Defendants were fiduciaries, (2) whether Defendants owed fiduciary duties to the Plan and Plan Participants, and (3) whether Defendants' actions and omissions constituted a breach of fiduciary duty"); *Sweeney v. Nationwide Mut. Ins. Co., No.* 2:20-CV-1569, 2024 WL 1340262, at *3 (S.D. Ohio Mar. 28, 2024) (allegation that defendants "engaged in prohibited transactions" presented common question of law and fact sufficient to satisfy commonality requirement).

c. Typicality

"A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (citation modified). The requirement ensures that the named plaintiffs' "interests are aligned" with those of the absent class members. *Id.* at 852–53. In practice, the inquiries into commonality and typicality "tend to merge"—both examine whether "maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 564 U.S. at 349 n.5.

Here, typicality is satisfied because Plaintiffs' claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and [their] claims are based on the same legal theor[ies]." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). The claims of the named Plaintiffs and absent class members arise from their interest in the ESOP—and specifically in ISCO stock—at the time of the transaction. *See Neil v. Zell*, 275 F.R.D. 256, 261 (N.D. Ill. 2011) (finding the named plaintiffs satisfied the typicality requirement because they "held the same investment as did all other members of the . . . ESOP"—employer stock). Indeed, the proposed ERISA class action is "brought on behalf of the Plan, not the individual participants, so that Plaintiff[s'] claims, of necessity, are typical of the claims of the members of the proposed class." *Lively v. Dynegy, Inc.*, No. 05-00063, 2007 WL 685861, at *10 (S.D. Ill. 2007). *See also In re Nortel Networks Corp. ERISA Litig*., 2009 WL 3294827, at *10 ("Because Plaintiffs' claims require Plan-wide, rather than individualized proof, Plaintiffs have demonstrated typicality under 23(a)(3)."). Lastly, the Court is unaware of any individual claims or defenses that would be unique to either the named Plaintiffs or absent class members. This factor is satisfied.

6

d. Adequacy of Representation

Finally, Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "There are two criteria for determining whether the representation of the class will be adequate: 1) The representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524–25 (6th Cir. 1976). The first criterion requires that there be no antagonism or conflict between representative plaintiffs and the other members of the class that they seek to represent. *See In re Am. Med. Sys.*, 75 F.3d at 1083. The second criterion inquires into the competency of counsel. *See id.*

As for the first criterion, Plaintiffs claim they have the same interest in enforcing their ERISA rights with respect to the ESOP as the putative class. [*See* DE 179 at 1083 ("Plaintiffs' interests are identical to those of the Class: obtaining the true fair market value of ISCO's stock as of February 14, 2018.")]. Further, Plaintiffs assert that

> each Plaintiff has confirmed that he is ready, willing, and able to fulfill the duties required of a class representative. Each Plaintiff has submitted a declaration attesting to his efforts to date and confirming his desire to serve as a representative of the Class. . . . They have stayed abreast of the progress of the litigation over five years, have given or are scheduled to give depositions in September 2025, and understand their duties as class representatives to protect the interests of the class.

[*Id.*]. The Court has no reason to doubt Plaintiffs' representations, and Defendants do not oppose Plaintiffs' motion. The Court finds this case is analogous to other ERISA class actions where courts have found the first criterion easily met. *See, e.g., In re Nortel Networks Corp. ERISA Litig.*, 2009 WL 3294827, at *12 (finding plaintiff representatives demonstrated they were "not antagonistic to or conflicting with the interests of the absent class members").

With respect to the second criterion, Plaintiffs have submitted a declaration that

> the firm's attorneys have litigated dozens of class actions, including as class counsel, and have handled a number of ERISA matters, including trial of an ERISA matter in this District in 2022. The Firm already has litigated this matter for five years, including protracted proceedings on Defendants' motion to dismiss, and reviewed more than 32,000 pages of documents.

[DE 179 at 1084]. Again, the Court has no reason to doubt Plaintiffs representations about their counsel's qualifications. "In the absence of a showing to the contrary, adequacy of counsel is often presumed." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Kelsey-Hayes Co.*, No. 2:11-CV-14434, 2015 WL 1906133, at *3 (E.D. Mich. Apr. 28, 2015) (quoting *Abby v. City of Detroit*, 218 F.R.D. 544, 548, 57 Fed. R. Serv. 3d 659 (E.D. Mich. 2003)).

Accordingly, the Court finds Plaintiffs have satisfied each of the Rule 23(a) requirements.

2. *Rule 23(b) Analysis*

Plaintiffs contend that certification is proper under either Rule 23(b)(1)(B) or 23(b)(1)(A). [DE 179 at 1085]. Rule 23(b)(1) provides that a court may permit a class action if "prosecuting separate actions by or against individual class members would create a risk of:"

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Fed. R. Civ. P. 23(b)(1).

According to Plaintiffs, certification subsection (B) applies because "the Complaint alleges breaches of fiduciary duties under ERISA," the only remedy for which "is Plan-wide relief." [DE 179 at 1085]. Thus, as "with all claims derivative of the Plan's interest, 'adjudications with respect

to individual class members' claims 'as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudication.'" [*Id.* (quoting Fed. R. Civ. P. 23(b)(1)(B))].

Sister courts routinely certify proposed classes of participants in plans subject to ERISA alleging breaches of fiduciary duties. *See, e.g.*, *Davis v. Magna Int'l of Am., Inc.*, No. 20-11060, 2024 WL 280645, at *5 (E.D. Mich. Jan. 25, 2024) (citing *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009) (explaining "breach of fiduciary duty claims brought under [ERISA] § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class")); *In re Nortel Networks Corp. ERISA Litig.*, 2009 WL 3294827, at *14 (finding "any single ruling about whether Defendants breached their fiduciary duty to the Plan would substantially affect the interests of the absent class members"); *Shirk*, 2008 WL 4425535, at *4 ("Most courts have followed the reasoning of the Advisory Committee Notes to the Federal Rules and concluded that subsection (b)(1)(B) is the most appropriate subsection for class certification in an ERISA breach of fiduciary duty case."); *Rankin v. Rots*, 220 F.R.D. 511, 523 (E.D. Mich. 2004) (observing that adjudication of defendant's liability for breach of fiduciary duty would "likely be dispositive of the claims of other potential class members").

Similarly, the Court concludes that the claims in this case are appropriate for class treatment under Rule 23(b)(1)(B). Both counts in the Complaint allege that Defendants were fiduciaries of the Plan and either breached their fiduciary duties or engaged in a transaction prohibited by ERISA. "[I]f true," these allegations will be "the same with respect to every class member," and thus "Rule 23(b)(1)(B) is clearly satisfied." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d at 605. And because a party seeking class certification need only satisfy one of the criteria set forth in Rule 23(b), this Court need not reach the other potentially applicable

9

subsections of Rule 23(b). *See Koch v. Dwyer*, No. 98-cv-5519, 2001 WL 289972, at *5 n.2 (S.D.N.Y. Mar. 23, 2001) ("Since class certification is proper under Rule 23(b)(1)(B), it need not be determined whether Plaintiff has also satisfied the requirements of Rule 23(b)(1)(A). . . ."). Nor is notice to the class required at this time.[1]

3.    *Rule 23(g) Analysis*

Under Rule 23(g), "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). The Court "must consider" the following factors:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). As discussed above, the Court has no reasons to doubt proposed class counsel's qualifications and Defendants do not oppose Plaintiffs' request to appoint Kaplan Johnson Abate & Bird LLP ("Kaplan Johnson") as Class Counsel. Based on the declaration submitted with Plaintiffs' motion, the Court finds that the requirements of Rule 23(g) are satisfied.

### III.    CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Plaintiffs' Unopposed Motion for Class Certification [DE 179] is **GRANTED**;

---

[1] *See Dukes*, 564 U.S. at 362 ("The Rule provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."); *In re Nat'l Prescription Opiate Litig.*, 976 F.3d 664, 669 n.4 (6th Cir. 2020) ("Pursuant to Rule 23, only members of classes certified under Rule 23(b)(3), rather than (b)(1) or (b)(2), are entitled to notice of class certification and an opportunity to opt-out of the class.") (citing Fed. R. Civ. P. 23(c)(2)(A), (B)).

(2) Pursuant to Fed. R. Civ. P. 23(b)(1), the Court hereby **CERTIFIES** this action as a class action for all purposes;

(3) Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court defines a class in this case of:

> All persons who were participants in the ISCO ESOP when it sold its ISCO shares effective February 14, 2018 and/or beneficiaries of those participants. Excluded from the Plaintiff Class are the individual Defendants and their immediate families, current directors of ISCO and their immediate families, and these individuals' legal representatives, successors, heirs, and assigns.

(4) The Court **APPOINTS** Plaintiffs Nathan Best, Matthew Chmieleski, and Jay Hicks as class representatives.

(5) The Court **APPOINTS** the law firm Kaplan Johnson as class counsel.

Rebecca Grady Jennings, District Judge
United States District Court

February 9, 2026

cc: counsel of record

11